MATTHEW D. CHURCH #15574
**PLANT, CHRISTENSEN & KANELL**
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
Telephone: (801) 363-7611
Email: mchurch@pckutah.com
*Attorney for Ogden City, Ogden City Police Department, and Darien Velasquez*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHELLE SHAFER, on behalf of the ESTATE OF ASHLEY EVAN JESSOP,<br><br>        Plaintiff,<br><br>v.<br><br>WEBER COUNTY, by and through the Weber County Board of Commissioners; WEBER COUNTY SHERIFF'S OFFICE, a political subdivision of the State of Utah; TERRY L. THOMPSON, an individual; OGDEN CITY, a political subdivision of the State of Utah; OGDEN CITY POLICE DEPARTMENT, a subdivision of the State of Utah; DARIEN VELASQUEZ, an individual; JOHN DOE JACOBSEN, an individual, and DOES 1-10, inclusive,<br><br>        Defendants. | **OGDEN DEFENDANTS' ANSWER TO COMPLAINT**<br><br>Case No. 1:18-cv-00020<br><br>Magistrate Judge: Paul M. Warner |

Darien Velasquez, and Ogden City, including its Police Department which is not a separate entity, (together the "Ogden City Defendants"), by and through counsel, Matthew D. Church of Plant, Christensen & Kanell, answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action against the Ogden City Defendants upon which this Court can grant relief.

**SECOND DEFENSE**

In answering the allegations in consecutive order as alleged, the Ogden City Defendants admit, deny, and allege as follows:

PARTIES

1.     The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraphs 1, 2, 3, 4, and 5 and therefore deny the same.

2.     The Ogden City Defendants admit that Ogden City is a political subdivision of the State of Utah, and that Officer Velasquez was an employee of Ogden City at the time of incident.

3.     The Ogden City Defendants deny the allegations contained in paragraph 7. Ogden City Police Department is not a political subdivision of the State of Utah; but is a department within Ogden City.

4.     The Ogden City Defendants admit only the allegations contained in paragraph 8 regarding being an Officer with Ogden City Police Department at the time of the incident in question. The remaining allegations contained in paragraph 8 are denied.

5.     The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraphs 9 and 10 and therefore deny the same.

6.     The Ogden City Defendants deny the allegations contained in paragraph 11 as it relates to Ogden City, Ogden City Police Department and Officer Velasquez. As to the remaining allegations contained in paragraph 11, the Ogden City Defendants have insufficient information to form a belief as to the truthfulness and therefore deny the same.

2

## JURISDICTION, VENUE & STATUTORY PREREQUISITES

7.     Paragraphs 12, 13, 14, 15, and 16 call for a legal conclusion and a response is not required. To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS[1]

8.     The Ogden City Defendants deny the allegations contained in paragraph 1.

9.     The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 and therefore deny the same.

10.     The Ogden City Defendants deny the allegations contained in paragraphs 15, 16, 17, 18, 19, 20, and 21.

11.     Paragraphs 22, 23, 24, and 25 do not pertain to the Ogden City Defendants and a response is not required. To the extent a response is required, the allegations are denied.

12.     The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 26 and therefore deny the same.

## FIRST CAUSE OF ACTION
## (VIOLATION OF FOURTEENTH AMENDMENT)

13.     In response to Plaintiff's Complaint, paragraph 27, the Ogden City Defendants hereby incorporate paragraphs 1-11 as though fully set forth herein.

14.     The Ogden City Defendants deny the allegations contained in paragraphs 28, 29 and its subparts a-d, 30 and its subparts a-n, 31, and 32.

---

[1] The Plaintiff's numbering system restarted at 1 again. For clarity's sake, Defendant's Answer will mirror Plaintiff's repeated numbering system.

15.   The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 33 and therefore deny the same.

16.   The Ogden City Defendants deny the allegations contained in paragraph 34.

### SECOND CAUSE OF ACTION
### (FEDERAL SURVIVALSHIP CLAIM)

17.   In response to Plaintiff's Complaint, paragraph 35, the Ogden City Defendants hereby incorporate paragraphs 1-16 as though fully set forth herein.

18.   The Ogden City Defendants deny the allegations contained in paragraphs 36, 37 and its subparts a-d, 38, and 39.

19.   The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 40 and therefore deny the same.

20.   The Ogden City Defendants deny the allegations contained in paragraph 41.

### THIRD CAUSE OF ACTION
### (DEPRIVATION OF LIFE WITHOUT DUE PROCESS OF LAW)

21.   In response to Plaintiff's Complaint, paragraph 42, the Ogden City Defendants hereby incorporate paragraphs 1-20 as though fully set forth herein.

22.   The Ogden City Defendants deny the allegations contained in paragraphs 43, 44 and its subparts a-d, 45, and 46.

23.   The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 47 and therefore deny the same.

24.   The Ogden City Defendants deny the allegations contained in paragraph 48.

### FOURTH CAUSE OF ACTION
### (FAILURE TO TRAIN AND SUPERVISE)

25.     In response to Plaintiff's Complaint, paragraph 49, the Ogden City Defendants hereby incorporate paragraphs 1-24 as though fully set forth herein.

26.     The Ogden City Defendants deny the allegations contained in paragraphs 50, 51, 52, and 53.

27.     The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 54 and therefore deny the same.

28.     The Ogden City Defendants deny the allegations contained in paragraph 55.

FIFTH CAUSE OF ACTION
(VIOLATION OF CIVIL RIGHTS – MONELL LIABILITY)

29.     In response to Plaintiff's Complaint, paragraph 56, the Ogden City Defendants herby incorporate paragraphs 1-28 as though fully set forth herein.

30.     Paragraph 57 does not pertain to Ogden City, Ogden City Police Department, or and a response is not required. To the extent a response is required, the allegations are denied.

31.     The Ogden City Defendants deny the allegations contained in paragraphs 58, 59, 60, 61, 62, and 63.

32.     The Ogden City Defendants has insufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 64 and therefore deny the same.

33.     The Ogden City Defendants deny the allegation contained in paragraph 65.

SEVENTH [SIC] CAUSE OF ACTION
(VIOLATION OF CLEARLY ESTABLISHED RIGHTS UNDER THE CONSTITUTION OF
THE STATE OF UTAH)

34.     In response to Plaintiff's Complaint, paragraph 66, the Ogden City Defendants hereby incorporate paragraphs 1-33 as though fully set forth herein.

35.    Paragraph 67 contains a conclusion of law and no response is required. To the extent a response is required, the allegations are denied.

36.    The Ogden City Defendants deny the allegations contained in paragraphs 68, 69, 70, and 71.

37.    The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 72 and therefore deny the same.

38.    The Ogden City Defendants deny the allegations contained in paragraph 73.

EIGHTH CAUSE OF ACTION
(VIOLATION OF TITLE II ADA 42 U.S.C. §12131 AGAINST WEBER COUNTY, WEBER COUNTY SHERIFF'S OFFICE, OGDEN CITY, AND OGDEN CITY POLICE DEPARTMENT)

39.    In response to Plaintiff's Complaint, paragraph 74, the Ogden City Defendants hereby incorporate paragraphs 1-38 as though fully set forth herein.

40.    Paragraph 75 contains a legal conclusion and a response is not required. To the extent a response is required, the allegations are denied.

41.    The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 76 and therefore deny the same.

42.    The Ogden City Defendants deny the allegations contained in paragraphs 77 and 78.

43.    The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraphs 79 and 80.

44.    The Ogden City Defendants deny the allegations contained in paragraphs 81, 82, 83, and 84.

45.    The Ogden City Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in paragraph 85 and therefore deny the same.

46.    The Ogden City Defendants deny the allegations contained in paragraph 86.

PRAYER FOR JUDGMENT

47.    In responding to the prayer for judgment, the Ogden City Defendants deny entitlement to any relief for those damages set forth in 1, 2, 3, 4, 5, 6 or any other part of the Plaintiff's Complaint.

**THIRD DEFENSE**

The Ogden City Defendants deny each and every allegation of the Complaint that is not specifically admitted herein.

**FOURTH DEFENSE**

This Court lacks subject-matter jurisdiction because the Ogden City Defendants did not violate Plaintiff's constitutional rights.

**FIFTH DEFENSE**

The Ogden City Defendants allege that Mr. Jessop was contributorily negligent and/or at fault in a degree equal to or greater than the negligence and/or fault of the Ogden City Defendants, if any. Mr. Jessop had a duty to use reasonable care to provide for his safety and to avoid foreseeable injuries. To the extent he failed to do so, he is at fault for the incident and this Court must bar or reduce the Plaintiff's recovery, if any to ensure that the Ogden City Defendants pay no more than its proportionate share of fault, if any.

**SIXTH DEFENSE**

Discovery may reveal that the cause of Plaintiff's alleged damage was the negligence or fault of others over whom the Ogden City Defendants has no control or right of control, or persons or entities not yet named in this action. Accordingly, the Ogden City Defendants specifically gives notice of its intent to seek for apportionment of fault against Mr. Jessop, co-defendants, and any

entity that the parties may add to this action in the future, and any person or entity found to have been at fault for causing the alleged damages that are the subject of Plaintiff's Complaint.

### SEVENTH DEFENSE

The Ogden City Defendants did not violate Plaintiff's clearly-established, particularized, constitutional, statutory or common-law rights or privileges.

### EIGHTH DEFENSE

The Ogden City Defendants acted in good faith, without malice, and their acts were justified and reasonable under the circumstances.

### NINTH DEFENSE

The Ogden City Defendants are not liable under 42 U.S.C. § 1983 based on *respondeat superior* or any other theory of supervisory or derivative liability.

### TENTH DEFENSE

Any constitutional violation that allegedly occurred was not the result of a deliberately-indifferent custom, policy or practice of the City.

### ELEVENTH DEFENSE

The Ogden City Defendants are entitled to absolute and/or qualified immunity.

### TWELFTH DEFENSE

The Ogden City Defendants cannot be liable for any wrongful conduct committed by individuals or entities over which Defendants had no control.

### THIRTEENTH DEFENSE

Plaintiff's claimed injuries were the result of an independent intervening and/or superseding cause.

**FOURTEENTH DEFENSE**

The Ogden City Defendants are absolutely immune from any state law claims and those claims are barred by the Governmental Immunity Act of Utah, including, but not limited to, Utah Code Ann. §§ 63G-7-201, 63G-7-202 and 63G-7-301, and further by Plaintiff's failure to comply with the appropriate provisions of that Act, including, but not limited to Utah Code Ann. §§ 63G-7-401, 63G-7-402, 63G-7-403 and 63G-7-601. Accordingly, the Court lacks subject-matter jurisdiction with respect to any state law claims.

**FIFTEENTH DEFENSE**

The Ogden City Defendants alleges that the Plaintiff may have failed to provide a proper notice of claim under the Governmental Immunity Act of Utah and consequently the Court may lack subject-matter jurisdiction over the Plaintiff's claims.

**SIXTEENTH DEFENSE**

The Ogden City Defendants alleges that the cap in the Governmental Immunity Act limits the Plaintiff's recovery, should there be any.

**SEVENTEENTH DEFENSE**

To the extent claims are brought against individual defendants, Plaintiff's claims are barred in whole or in part because individually named defendants are entitled to qualified immunity.

**EIGHTEENTH DEFENSE**

The Ogden City Defendants alleges that the Plaintiff may have failed to mitigate her damages and to the extent of such failure, her claims fail as a matter of law.

**NINETEENTH DEFENSE**

Plaintiff's punitive damage claim is barred by, *inter alia*, the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, federal common law, Article I, Sections

7, 9, 10, 11, 12, 13, 18, 22 and 24 of the Utah Constitution, and the Governmental Immunity Act of Utah, § 63G-7-603.

### TWENTIETH DEFENSE

The Ogden City Defendants alleges that the statute of limitations, or the doctrines of laches, waiver, and estoppels may bar the Plaintiff's action.

### TWENTY-FIRST DEFENSE

The Ogden City Defendants asserts that certain defenses may arise because of discovery and production of documents, and that the Ogden City Defendants hereby reserves the right to amend its Answer to include such affirmative defenses. The Ogden City Defendants also includes all the affirmative defenses that may be applicable to its case, including the affirmative defenses raised by any other defendant that the parties may join in this ligation, to the extent that said defenses are consistent with the Ogden City Defendants' assertion that it is not liable to the Plaintiff or anyone for any amount whatsoever arising out of this lawsuit.

### RELIANCE ON JURY DEMAND

The Ogden City Defendants hereby states its intent to rely upon the jury demand submitted by Plaintiff in this matter. If for whatever reason that demand is revoked or found to be invalid, the Ogden City Defendants respectfully reserves the right to request a jury and deem the request by Plaintiff to be its own and to have all issues tried before a jury.

**WHEREFORE**, The Ogden City Defendants, having fully answered Plaintiff's Complaint, prays that this Court dismiss the Plaintiff's Complaint, that the Plaintiff take nothing, and that the Court order Plaintiff to pay Defendants their costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and Utah Code Ann. §§ 78B-5-825 and 78B-3-104.

DATED this 1ST day of May, 2018.

**PLANT CHRISTENSEN & KANELL**

MATTHEW D. CHURCH
Attorney for Defendant Ogden City and its
department Ogden City Police Department, and
Darien Velasquez

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1ST day of May, 2018, a copy of the foregoing was electronically

filed and served electronically upon the following parties pursuant to Fed. R. Civ. P. 5(b)(3):

Shane D. Gosdis
GOSDIS LAW FIRM
4196 South Normandie Lane
Millcreek, Utah 84107
s@gosdis.lawyer

David C. Cundick
483 Windy Garden Lane
Salt Lake City, Utah 84107
Dcundick1@comcast.net