Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
FAX: (801) 858-0701
Mylar-Law@comcast.net

Attorney for Weber County, Sheriff Terry Thompson, and Allen Jacobsen

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MICHELLE SHAFER, on behalf of the ESTATE OF ASHLEY EVAN JESSOP,<br><br>Plaintiff,<br><br>v.<br><br>WEBER COUNTY, WEBER COUNTY SHERIFF'S OFFICE, TERRY L. THOMPSON, OGDEN CITY, OGDEN CITY POLICE DEPARTMENT, DARIEN VELASQUEZ, and ALLEN JACOBSEN<br><br>Defendants. | **WEBER COUNTY DEFENDANTS' ANSWER TO COMPLAINT**<br><br>Case No. 1:18-cv-20<br><br>Magistrate Judge:  Paul M. Warner<br><br>**JURY TRIAL DEMANDED** |

Defendants Weber County, Sheriff Terry Thompson, and Allen Jacobsen, through their attorney, Frank D. Mylar, respectfully answers the allegations in Plaintiffs' Complaint (Doc. No. 2) as follows:

All allegations are deemed DENIED except as expressly admitted below.  The below paragraphs correspond with the numbered paragraphs of Plaintiffs' Complaint.

**PARTIES**

1.      Deny for lack of knowledge.

2.      Admit only that Weber County is a political subdivision of the State of Utah.  Deny all other allegations.

3.      Deny.

4.      Admit only that Terry L. Thompson is the duly elected Sheriff of Weber County and is statutorily charged with maintaining the Weber County Jail.  Deny all other allegations.

5.      Admit Deputy Jacobsen is an individual and is employed as a Corrections Deputy at the Weber County Jail.  Deny all other allegations.

6.      These allegations do not relate to Weber County Defendants and, therefore, a response is not required.

7.      These allegations do not relate to Weber County Defendants and, therefore, a response is not required.

8.      These allegations do not relate to Weber County Defendants and, therefore, a response is not required.

9.      Deny.

10.      Deny.

11.      Deny.

**JURISDICTION, VENUE & STATUTORY PREREQUISITES**

12.      Admit.

13.      Admit.

14.      Deny that a basis exists for supplemental jurisdiction.

15.    Deny for lack of knowledge.

16.    Deny.

## FACTUAL ALLEGATIONS

1.    Deny for lack of knowledge.[1]

2.    Admit that Defendant Jacobsen filled out an Intake Screening form with Jessop.

This document speaks for itself.

3.    Deny.

4.    Deny.

5.    Deny.

6.    Deny for lack of knowledge.

7.    Deny.

8.    Deny for lack of knowledge.

9.    Deny for lack of knowledge.

10.    Deny.

11.    Deny.

12.    Deny for lack of knowledge.

13.    Deny for lack of knowledge.

14.    Deny for lack of knowledge.

15.    Deny.

16.    Deny.

---

[1] Plaintiff's Complaint seems to have inadvertently restarted numbered paragraphs at 1 again, so to avoid confusion Weber County Defendants simply follow Plaintiffs' numbering.

17.    Deny.

18.    Deny.

19.    Deny.

20.    Deny.

21.    Deny.

22.    Deny.

23.    Deny.

24.    Deny.

25.    Deny.

26.    Deny.

**FIRST CAUSE OF ACTION**

27.    Weber County Defendants repeat their answers from paragraphs 1 through 26.

28.    Deny.

29.    Deny.

30.    Deny.

31.    Deny.

32.    Deny.

33.    Deny.

34.    Deny.

**SECOND CAUSE OF ACTION**

35.    Weber County Defendants repeat their answers from paragraphs 1 through 34.

36.    Deny.

37.     Deny.

38.     Deny.

39.     Deny.

40.     Deny.

41.     Deny.

## THIRD CAUSE OF ACTION

42.     Weber County Defendants repeat their answers from paragraphs 1 through 41.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Deny.

48.     Deny.

## FOURTH CAUSE OF ACTION

49.     Weber County Defendants repeat their answers from paragraphs 1 through 48.

50.     Deny.

51.     Deny.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

## FIFTH CAUSE OF ACTION

56.     Weber County Defendants repeat their answers from paragraphs 1 through 55.

57.     Deny.

58.     Deny.

59.     Deny all allegations pertaining to Weber County Defendants.

60.     Deny all allegations pertaining to Weber County Defendants.

61.     Deny all allegations pertaining to Weber County Defendants.

62.     Deny.

63.     Deny.

64.     Deny.

65.     Deny.

## SEVENTH CAUSE OF ACTION

66.     Weber County Defendants repeat their answers from paragraphs 1 through 65.

67.     This is a legal statement that cannot be admitted or denied.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

73.     Deny.

## EIGHTH CAUSE OF ACTION

74.     Weber County Defendants repeat their answers from paragraphs 1 through 73.

75. This is a legal statement that cannot be admitted or denied. To the extent that a response is required this statement is denied.

76. Deny for lack of knowledge.

77. Deny.

78. Deny.

79. Admit that all jail inmates receive ongoing care and medical treatment as required.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

## **PRAYER FOR RELIEF**

Deny that Plaintiffs are entitled to any of his requested relief.

## **JURY DEMAND**

Admit.

## **FIRST AFFIRMATIVE DEFENSE**

Weber County Defendants are entitled to the defense of qualified immunity in that their actions were not contrary to clearly established law and a reasonable person would not have known that such conduct was unconstitutional at the time.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust all of their available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, and for this reason Plaintiffs' complaint must be dismissed. Specifically, the Jail has a thorough grievance policy and practice to allow inmates to assert complaints and grievances of all kinds. In addition, any claim for emotional distress must be dismissed based upon the provisions of the PLRA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a sufficient basis for punitive damages or to allege the willful and evil motives necessary to support an award of punitive damages. In addition, Plaintiff's claims for punitive damages are unconstitutional as a violation of the Fourteenth Amendment of the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted in that it has failed to specify a violation of federal law that is cognizable under 42 U.S.C. § 1983.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are speculative, conclusory, and not supported by sufficient factual allegations and as such should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because a notice of claim was not timely filed within the one-year limitation period under Utah Code Ann. § 63G-7-403(2)(b) as required by *Peak Alarm Co. v. Howe*, 297 P.3d 592 (Utah 2013). Additionally, Plaintiffs' claims are barred by any other applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiff's state law claims must be dismissed for failing to serve an appropriate and timely notice of claim under Utah Code Ann. §§ 63G-7-401 and 402. This failure to serve a timely notice of claim at the time the suit is filed requires dismissal of all state claims against Weber County Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

All of Plaintiff's state law claims must be dismissed for failing to file an "Undertaking" for "costs" as required by Utah Code Ann. § 63G-7-601. This failure to file an undertaking at the time the suit is filed requires dismissal of all state claims against Weber County Defendants.

## NINTH AFFIRMATIVE DEFENSE

All of Plaintiff's state law claims are barred by the Utah Governmental Immunity Act under Utah Code Ann. § 63G-7-201(4)(a), (b), (d), (f), and (j), along with any other applicable provision of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63G-7-101 to -904.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims must be dismissed as a matter of law because they failed to file a bond for costs and attorney fees as required by Utah Code Ann. § 78B-3-104 in an amount estimated to cover the attorneys' fees that would reasonably be incurred by Weber County Defendants in defending against all state claims. Failure to file such a bond at the time the suit is filed mandates dismissal of all state claims. In addition, this Court should enter an award of attorneys' fees and costs in favor of Defendants as required by Utah Code Ann. § 78B-3-104 if they prevail on any of the state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot bring both an Eighth and a Fourteenth Amendment claim for jail conditions of confinement. If Ashley Jessop was a convicted prisoner, the Eighth applies. If he was a pre-trial detainee awaiting trial, then the Fourteenth Amendment applies.

## TWELFTH AFFIRMATIVE DEFENSE

Any and all injuries and damages Plaintiff alleges resulted from Ashley Jessop's own actions or omissions, or from the acts or omissions of third parties over whom Weber County Defendants had no authority or control.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any claims Plaintiff Michelle Shafer's asserts on her own behalf and not on behalf of the Estate of Ashley Jessop are barred in that she does not have standing to assert the civil rights of another person and she does not have a cognizable claim for a violation of her own constitutional rights and on this basis, any personal claims asserted under 42 U.S.C. § 1983 and otherwise must be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Under either Utah State law or federal common law, if liability is found against any of the Weber County Defendants, they are entitled to an offset of damages from any funds Plaintiffs receive from third parties for the same, substantially similar, related claims. Weber County Defendants are also entitled to a determination of the relative fault of their conduct's contribution to Plaintiffs' alleged injuries.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Weber County Sheriff's Office is not a separate legal entity from Weber County and cannot be independently sued.

**WHEREFORE:**   All Plaintiffs' claims should be dismissed, and Plaintiffs should be ordered to pay Weber County Defendants' attorney fees and costs under 42 U.S.C. § 1988, and under Utah Code Ann. § 78B-3-104 for state claims.   Weber County Defendants' demand a trial by jury on all issues that proceed to trial.

Dated this 18th day of May, 2018.

*/s/ Frank D. Mylar*

_____

Frank D. Mylar
Attorney for Weber County Defendants